**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
FAX: 617-223-8080

March 19, 2008

Aloke S. Chakravarty, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA  02210

    Re:  U.S. v. Malden Battle
         <u>Criminal No. 05-10129-NG</u>

Dear Mr. Chakravarty:

    Jeremy Sternberg told me that since Kim West is gone, you will be handling this case.

    Please provide the true and complete name, date of birth and a copy of the complete Immigration and Customs Enforcement Alien file (A file) for Helena Fonseca and Odimiro Rosa.  It appears that both Ms. Fonseca and Mr. Rosa are undocumented and are in the United States illegally.  It also appears that Mr. Rosa has been working illegally in the United States.  Furthermore, it appears that both of these individuals have provided false information to State and/or Federal authorities pertaining to their names, dates of birth and/or legal status.

    The information requested is exculpatory because if these individuals are subject to deportation they may harbor biases or prejudices in favor of the government.  Such information must therefore be disclosed under <u>Davis v. Alaska</u>, 413 U.S. 308 (1974) as embodied in the Local Rule 116.2.  In addition, if these individuals are subject to deportation by the government but have not been deported, this is a "promise, reward or inducement" (actual or implied) which must be reduced to writing and provided pursuant to 116.2(B)(1)(c) and discovery in the form of the A file must be provided.

The government--ultimately the prosecutor--has an affirmative duty to gather and produce the exculpatory information described above, whether it exists in the files of the prosecutor, case agent, another prosecutor's office (including a state or local prosecutor's office), a state or local law enforcement agency working together with the federal authorities, or is otherwise reasonably available to the government. See Kyles v. Whitley, 115 S.Ct. 1555, 1567 (1995); United States v. Joseph, 996 F.2d 36, 41 (3rd Cir. 1993) (defendant's specific request for information unknown to the prosecutor, triggers the prosecutor's duty to gather and produce the information); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991). See also United States v. Perdomo, 929 F.2d 967, 970 (3rd Cir. 1991) (prosecutor deemed to have constructive knowledge of witness' criminal record); Briggs v. Raines, 652 F.2d 862, 865 (9th Cir. 1981) (FBI records deemed to be in the possession of prosecution and must be produced if exculpatory) (citing Martinez v. Wainwright, 621 F.2d 184, 187 (5th Cir. 1980)); United States v. Morell, 524 F.2d 550, 555 (2d Cir. 1975) (federal drug law enforcement agent is arm of prosecutor for purposes of producing exculpatory evidence).

Thank you for your attention to this matter.

Sincerely yours,

Catherine K. Byrne

cc: Clerk, United States District Court
    Assistant United States Attorney Jeremy Sternberg